## The Erie and Pacific Dispatch
## v.
## Edward N. Stanley et al.

*Carriers—Delay in Transportation—Action for Damages—Evidence— Question for Jury—Remittitur.*

1.   The showing of a bill of lading to a witness in rebuttal to refresh his memory as to the dates of shipment does not make it admissible for other purposes on cross-examination.

2.   Where the testimony is conflicting the verdict will be sustained though its correctness may be doubtful.

3.   An error by the jury in assessing actual damages, where the damages are computed on the value of goods damaged or destroyed, is not evidence of passion or prejudice.

[Opinion filed May 18, 1887.]

Appeal from the Circuit Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Willard & Driggs, for appellant.

Messrs. Frank J. Smith & Helmer, for appellees.

*Per Curiam.*   This was an action in assumpsit brought to recover damages which it was claimed by appellees they suffered by reason of delay in transportation and bad care while in transit, of 964 boxes of lemons shipped from New

York to Chicago in June, 1882, by appellees over appellants' freight line. On the trial before the court and jury appellees obtained a verdict, upon which, after a remittitur of $500 from the amount thereof, the court rendered judgment against appellants. The ruling of the court in refusing to allow a duplicate bill of lading of the goods to go in evidence, it having been shown to a witness called in rebuttal to refresh his memory as to the date and place of shipment of the goods, is assigned for error. That being the extent of the direct examination, appellants claimed on the cross-examination the right to introduce the bill of lading, or prove its contents, to show, not that the witness was in error as to the date and place of shipment, but that the appellees had by the contract in the bill of lading assumed the risks of injury to the goods which might arise from decay during transportation. It seems very clear that the bill of lading was not made admissible for such purpose by having been shown to the witness to refresh his recollection on the other points, and the court's ruling was therefore correct. The authorities cited by the counsel for appellants as we understand them, in no manner sustain their contention.

It is argued that the verdict is against the weight of the evidence, and that this court ought to reverse on that ground. The rule is, when the testimony is conflicting, though the correctness of the finding may be doubtful, the verdict will be sustained.

There is a sharp conflict in the evidence as to several questions, but that conflict was settled in favor of the appellees by the verdict of the jury, and the verdict has the approval of the trial Judge, who saw the witnesses and heard them testify.

The verdict was excessive in the amount of damages allowed, but that was cured by the remittitur. The error was made in assessing actual damages, not in allowing punitive damages or smart money, and is no more evidence of passion or prejudice on the part of the jury than if they had gone wrong in fixing damages in any case when the damages are computed upon the value of the goods damaged or destroyed.

Counsel do not argue that any error was committed in instruct-

Hutchinson Furnace & Smoke Consuming Co. v. Lyfo.d.

ing the jury, and after a careful examination of the record we are unable to say that the verdict is manifestly against the weight of evidence.   There being no error the judgment must be affirmed.

*Judgment affirmed.*